UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUDSON INSURANCE COMPANY, *et al.*,
    Plaintiffs,
  v.
KRISHNA KUMARI, *et al.*,
    Defendants.

Case No.: 1:16-mc-00515 (CKK)

**MEMORANDUM OPINION**
(June 10, 2016)

Presently before the Court is Plaintiff Benaka, Inc.'s [3] Motion for Judgment against Garnishees for Rental Payment Amounts. For the reasons described below, the Court shall DENY Plaintiff's [3] Motion for Judgment against Garnishees for Rental Payment Amounts.

**I. BACKGROUND**

Plaintiff Benaka, Inc. is a judgment creditor as to Defendant, Mr. Bharath Kortagere, arising out of a lawsuit filed in the United States District Court for the District of Maryland ("the Maryland Suit"). *See* Registration of Foreign Judgment, ECF No. [1] (attaching three courts orders from the Maryland Suit indicating judgment against Mr. Kortagere).

As relevant to this proceeding, Mr. Kortagere is also the owner of the real property and improvements located at 1309 Park Road, N.W., Unit 001, Washington, D.C., 20010, which Mr. Kortagere rents to two tenants, Ms. Lauren Reese and Ms. A. Grace Anderson.

On or about March 14, 2016, Benaka, Inc. registered the Judgment from the Maryland Suit in this Court. *See id.* Benaka, Inc. subsequently requested Writs of Attachment on Judgment Other Than Wages, Salary and Commissions (the "Writs") and accompanying Interrogatories in Attachment as to Ms. Reese and Ms. Anderson, which the Court issued on April 7, 2016. Benaka, Inc. then served Ms. Reese and Ms. Anderson by private process service with the Writs and the

Interrogatories in Attachment. *See* Exhibit B to Pl.'s Motion, ECF No. [3-3]. On or about April 22, 2016, Ms. Reese and Ms. Anderson each answered the Interrogatories, as follows:

> QUESTION #1: Were you at the time of the service of the writ of attachment, or have you between the time of such service and the filing of your answers to this interrogatory indebted to the defendant(s), and if so, how, and in what amount?
>
> ANSWER: To my knowledge, I have never been indebted to Krishna Kumari, the only defendant identified in the Writ of Attachment on Judgment other than Wages, Salary and Commissions (the "Writ") that I received on or about April 13, 2016. I was not indebted to Bharath Kortagere, the individual identified in the letter I received with the Writ at the time of service or at any time up to now. I will owe monthly rental payments to Mr. Kortagere on May 1, 2016, June 1, 2016, and July 1, 2016 (the last 3 months of my lease term in the amount of $650.00 (as to A. Grace Anderson) and $850.00 (as to Lauren Reese).
>
> QUESTION #2: Have you at the time of the service of the writ of attachment, or have you had between the time of such service and the filing of your answer to this interrogatory, any goods, chattels, or credits of the defendant(s) in your possession or charge, and, if so, what?
>
> ANSWER: To my knowledge, I have never had in my possession or charge any goods, chattels, or credits of Krishna Kumari, the only defendant identified in the Writ that I received on or about April 13, 2016. I have not had in my possession or charge any goods, chattels, or credits of Bharath Kortagere, the individual identified in the letter I received with the Writ, at the time of service or at any time up to now.

Exhibit A to Pl.'s Motion, ECF No. [3-2].

On April 29, 2016, Plaintiff Benaka, Inc. filed the instant motion, requesting that this Court enter judgments against Ms. Reese and Ms. Anderson and in favor of Banaka for rental payments to be owed by Ms. Reese and Ms. Anderson to Mr. Kortagere, on May 1, 2016, June 1, 2016, and July 1, 2016. *See* Pl.'s Mot. for Judgment, ECF No. [3].

## II. DISCUSSION

In order to reach personal property of a debtor held by a third party in the District of Columbia, a judgment creditor must—following entry of judgment—request the court to issue a writ of attachment. *Consumers United Ins. Co. v. Smith*, 644 A.2d 1328, 1351 (D.C. 1994) (citing D.C.

Code § 16–542). The judgment creditor must then "serv[e] the garnishee with a copy of the writ of attachment and of the interrogatories accompanying the writ." *Id.* at 1351-52 (quoting D.C. Code § 16–546). Service of the writ on the garnishee creates a valid lien in favor of the judgment creditor on the debtor's property held by the garnishee. *Id.* at 1352. Such property may include, as relevant to this action, "credits of the defendant" that are in the garnishee's possession. *See id.* at 1355 (citing D.C. Code § 16–546).

Obtaining the property held by the garnishee, however, is an "entirely separate matter," which typically involves the following additional procedures. *Id.* at 1352. Upon receipt of the writ of attachment, the garnishee is required to file answers to the interrogatories that accompany the writ. *Id.* Within twenty-eight days following receipt of the garnishee's answers, the judgment creditor must request condemnation of the funds held by the garnishee. *Id.* If the garnishee fails to answer the interrogatories accompanying the writ, or if the garnishee answers the writ but fails to send money to the judgment creditor, the judgment creditor should file a motion for judgment of recovery against the garnishee. *Id.*; *see also* D.C. Code § 16–556. Therefore, "although steps in addition to serving a writ of attachment may be required to obtain the property of the debtor held by the garnishee, the judgment creditor has a valid lien *as of the date the writ is served on the garnishee*." *Id.* (emphasis added).

Here, Plaintiff Benaka, Inc. appears to have followed the appropriate procedural requirements, which are described above. However, Plaintiff is incorrect in arguing that it is entitled to a judgment entered against Ms. Reese and Ms. Anderson, as garnishees, on the grounds that they asserted that they would owe future monthly rental payments to Mr. Kortagere on dates subsequent to the issuing of the writ of garnishment.

In the District of Columbia, it is well-settled that a writ of garnishment will reach only

sums that a garnishee *unconditionally* owes to the debtor *at the time the writ is served*. *See Smith*, 644 A.2d at 1356 (concluding that "a writ of garnishment covers only the property of the debtor in the hands of the garnishee at the time the writ is served"). A writ of garnishment "does not include sums that may be held and earmarked for a debtor by the garnishee but are still subject to a contingency that has not occurred and thus has not assuredly made the money the debtor's own." *Id.* at 1356 n. 34; se*e also Cummings Gen. Tire Co. v. Volpe Constr. Co.*, 230 A.2d 712, 713 (D.C. 1967) ("[M]oney payable upon a contingency or condition is not subject to garnishment until the contingency has happened or the condition has been fulfilled"). Accordingly, the District of Columbia Court of Appeals has long held that future rental payment to be owed by a tenant constitutes a "contingent liability" at the time that a writ of garnishment is levied, and therefore, is not considered a "credit" that may be attached by a judgment creditor under Section 16-546. *United States Fidelity & Guar. Co. v. Wrenn*, 67 App. D.C. 94, 89 F.2d 838, 840-41 (1937) (holding that "unearned rent is not a 'debt,' " and instead constitutes a "contingent liability," because rent "does not accrue to the lessor as a debt unless the lessee has enjoyed the use of the land"); *see also Smith*, 644 A.2d at 1356 n. 34 (citing *Wrenn* for same proposition). Accordingly, Plaintiff is not entitled to garnish the rental payments owed by Ms. Reese and Ms. Anderson for May 2016, June 2016, and July 2016.

The Court also notes that Ms. Reese and Ms. Anderson were not otherwise "indebted" to Mr. Kortagere or in the possession of any "goods, chattels, or credits" of Mr. Kortagere between the date of service of the Writs (April 13, 2016) and the date that Ms. Reese and Ms. Anderson filed their answers to the Interrogatories (April 22, 2016). *See* Exhibit A to Pl.'s Motion, ECF No. [3-2].

Accordingly, there is no legal basis for this Court to enter the judgments requested by

Plaintiff against Ms. Reese and Ms. Anderson.

### III. CONCLUSION

For the reasons stated above, the Court shall DENY Plaintiff's [3] Motion for Judgment against Garnishees for Rental Payment Amounts, and the Court shall DISMISS this miscellaneous action in its entirety. An appropriate Order accompanies this Memorandum Opinion.

                                                         /s                                
COLLEEN KOLLAR-KOTELLY
United States District Judge